IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAROL ROBINSON, ) | CASE NO. 1:12 CV 152 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| EVERHOME MORTGAGE, ) | |
| ) | |
| Defendant. ) | |

*Pro se* Plaintiff Carol Robinson filed the above captioned action under 42 U.S.C. § 1983 against Everhome Mortgage ("Everhome"). In the Complaint, Plaintiff alleges Everhome unfairly foreclosed on her home. She seeks $1,000,000.00 in damages.

**Factual and Procedural Background**

Plaintiff alleges her husband, Samuel Robinson, secured a mortgage on their residence with Mortgage Now, Inc. in 1997. At some point, the mortgage was assigned to Allied Mortgage Company. Plaintiff contends Samuel Robinson became critically ill and died in 2004. During this time, the mortgage company contended it did not receive payments and charged late fees to the account. Plaintiff contends the payments were sent.

Allied Mortgage Company instituted foreclosure proceedings in the Cuyahoga County Court of Common Pleas on February 19, 2004. *See Allied Mortgage Company v. Robinson*, No. CV-04-522556 (Cuyahoga Cty Ct. Comm. Pl. filed Feb. 19, 2004).[1] Everhome acquired the mortage and substituted as the plaintiff in the foreclosure action on February 28, 2005. Plaintiff alleges she attempted to purchase the home, but received counteroffers from Everhome which did not reflect the fair market value of the home. She indicates she asked them to produce the original note and they refused. Judgment of foreclosure was granted to Everhome on June 1, 2006.

Thereafter, Plaintiff began a series of filings to delay the execution of the judgment. The property was ordered to be sold at sheriff's sale on August 14, 2006. On August 14, 2006, Plaintiff filed a Petition for Chapter 13 bankruptcy. *In re: Carol Robinson*, No. 06 bk 13569 (Bankr. N.D. Ohio filed Aug. 14, 2006). The state court action was stayed and the property was not sold. The bankruptcy was dismissed on December 22, 2006 because Plaintiff did not file a plan or schedules and statements as ordered by the Court.

The foreclosure action was reinstated on December 28, 2006, and the property was ordered to be sold at sheriff's sale on March 26, 2007. Plaintiff filed a second Petition for Chapter 13 Bankruptcy on March 12, 2007. *In re: Carol Robinson*, No. 07 bk 11540 (Bankr. N.D. Ohio filed Mar. 12, 2007). The foreclosure action was stayed and the sheriff's sale was postponed. The bankruptcy was dismissed on April 26, 2007 because Plaintiff failed to file the required forms,

---

[1] Cuyahoga County Court of Common Pleas dockets can be viewed at: http://cpdocket.cp.cuyahogacounty.us/ . The Court does not rely on any of the information gleaned from the state court dockets to resolve this matter. This Court's ruling is based entirely on information Plaintiff provided in her Complaint. Nevertheless, the information from the state courts is helpful to place into context the events described in the Complaint.

comply with court orders, or pay the filing fee. She filed a third bankruptcy petition on May 8, 2007. *In re: Carol Robinson*, No. 07 bk 13320 (Bankr. N.D. Ohio filed May 8, 2007). The foreclosure action was reinstated on May 10, 2007, and then stayed again. The bankruptcy was dismissed on June 12, 2007 for failing to file required pleadings and failure to appear at a show cause hearing. The foreclosure action was reinstated and the property was ordered to be sold at sheriff's sale on July 30, 2007.

Plaintiff filed a fourth Petition for Chapter 13 Bankruptcy on June 6, 2007. *In re: Carol Robinson*, No. 07 bk 14210 (Bankr. N.D. Ohio filed June 6, 2007). The case was dismissed, however, on July 3, 2007 because Plaintiff did not file required pleadings, or pay the filing fee. The property was sold at the sheriff's sale on July 30, 2007. Although Plaintiff objected to the sale and requested a stay of the action due to the death of her husband in 2004, the court confirmed the sale on August 17, 2007. A writ of possession was issued but was returned unexecuted.

Everhome filed an eviction against Plaintiff and Tasha Robinson in the Cleveland Heights Municipal Court on May 19, 2008.[2] *Everhome Mortgage Company v. Robinson*, No. CVG 0800559 (Cleveland Hts. Mun. Ct. filed May 19, 2008). The matter was set for hearing on October 21, 2008 and judgment was entered in favor of Everhome. A writ of possession was issued on October 22, 2008. Plaintiff filed a fifth Petition for Chapter 13 Bankruptcy on October 23, 2008. *In re: Carol Robinson*, No. 08 bk 18214 (Bankr. N.D. Ohio filed Oct. 23, 2008). The eviction action was stayed pending resolution of the bankruptcy. The bankruptcy was dismissed on November 13, 2008 because Plaintiff did not file the required pleadings and did not pay the filing fees for this or the

---

[2] Cleveland Heights Municipal Court dockets can be viewed at: http://www.clevelandheightscourt.com/main.html.

-3-

previous bankruptcies.

The eviction action was reinstated on January 2, 2009 and a writ of possession was issued by the municipal court on February 2, 2009. Tasha Robinson filed a Petition for Chapter 13 Bankruptcy on February 5, 2009. The eviction action was stayed on February 6, 2009. The bankruptcy was dismissed and the eviction was reinstated on May 14, 2009.

A writ of possession was issued by the Municipal Court on June 2, 2009. Tasha Robinson filed a second Petition for Chapter 13 Bankruptcy on June 8, 2009 and another stay was issued in the eviction action. The bankruptcy was dismissed and the action was reinstated on September 9, 2009. A writ of possession was issued by the Municipal Court on September 24, 2009. Plaintiff filed an Emergency Motion to Stay Proceedings on October 1, 2009. The Motion was denied and a writ of possession was issued on November 24, 2009.

Plaintiff filed her sixth Petition for Chapter 13 Bankruptcy and filed an Emergency Motion to Stay Proceedings on December 4, 2009. The stay was lifted on March 29, 2010 and a writ of possession was issued on April 30, 2010. Plaintiff filed her seventh Petition for Chapter 13 Bankruptcy on May 6, 2010 and the eviction was once again stayed. The bankruptcy was dismissed because Plaintiff failed to file the required pleadings or schedules, failed to pay filing fees, and failed to appear in court.

Plaintiff then filed a Motion to Stay Eviction pending her purchase of the property in the Municipal Court on June 7, 2010. That Motion was denied. The case was reinstated to the court's active docket. She filed a second Motion to Stay Eviction with a counterclaim. Everhome responded with a Motion asking the court to prevent Plaintiff from using another bankruptcy filing

to delay execution of judgment. The Motion to Stay was denied. A writ of possession was issued on November 5, 2010. Plaintiff filed a Motion to Dismiss on November 10, 2010. That Motion was denied.

Plaintiff then filed an appeal of the foreclosure to the Ohio Eighth District Court of Appeals and her eighth Petition for Chapter 13 Bankruptcy on November 12, 2010. *In re: Carol Robinson*, No. 10 bk 21142 (Bankr. N.D. Ohio filed Nov. 12, 2010). She filed a Motion to Stay the Eviction Pending the resolution of the appeal and the bankruptcy on the same day. The bankruptcy was dismissed on December 7, 2010 because Plaintiff did not file a Chapter 13 plan, schedules and statements, certificate of credit counseling, means test, did not pay the requisite filing fees, and failed to appear at a hearing. Plaintiff was barred by the Bankruptcy Court from filing another bankruptcy action for 180 days. The appeal was dismissed on November 19, 2010.

Plaintiff filed several other Motions in the eviction action, including an affidavit of fraud and breach of contract, an affidavit of notice of default, a petition to settle debt on void judgment and a motion for permanent injunction. The Municipal Court responded by issuing a writ of possession on June 28, 2011. Plaintiff filed her ninth Petition for Chapter 13 bankruptcy on July 1, 2011. *In re: Carol Robinson*, No. 11 bk 15790 (Bankr. N.D. Ohio filed July 1, 2011). The eviction action was stayed. The Bankruptcy was dismissed on August 30, 2011, once again with a 180 day bar to refiling.

Plaintiff also filed a civil action against Everhome in the Cuyahoga County Court of Common Pleas on August 26, 2011. It was dismissed on Everhome's Motion to Dismiss pursuant to Ohio Civil Rule 12(b)(6).

The eviction action was reinstated and a writ was issued on January 11, 2012. Plaintiff filed her Complaint in this Court on January 20, 2012 and requested an injunction to prevent the sale from proceeding. She filed a Motion to Stay in the eviction proceedings pending the outcome of this federal court action. The Motion to Stay was denied on March 13, 2012 and a writ of possession was issued on that date. Plaintiff filed a Motion to Quash the eviction on March 21, 2012 and the Motion was denied on March 22, 2012. Plaintiff filed her tenth Petition for Chapter 13 bankruptcy on March 22, 2012. She voluntarily dismissed the action on March 26, 2012.

In this action, Plaintiff asserts four causes of action. First, she states Everhome told her in 2009 that it would only consider her purchase offer of $35,000 if she dismissed her bankruptcy petition. Her petition was dismissed by the court. Thereafter, Everhome's counsel would not return her telephone calls and would not meet with her when she went to their offices. She claims Everhome engaged in unfair and deceptive sales practice under Ohio Revised Code § 1345.02.

Plaintiff's second and third claims assert that Everhome violated Ohio's landlord tenant law. She claims her personal property was seized in her home and the locks were changed on the property in 2009. She also contends Everhome failed to properly maintain the property which resulted in a tree branch falling on her. She claims they had a legal obligation to maintain the exterior of the home.

Finally, Plaintiff claims she is entitled to "raise issues of material fact in which the statute [sic] may have otherwise run out under the Statute of Frauds O.R.C. 1335.02." (ECF #1 at 5.) She alleges Everhome is currently under investigation for various state and federal violations. She requests additional time to obtain documents which she claims Everhome must produce under the

Real Estate Settlement Procedures Act. She states she filed a UCC lien against Mortgage Now to secure against improper assignment of the note. She indicates Florida requires assignment of the mortgage note along with the mortgage in order to be valid. She claims Everhome did not produce the original mortgage note upon request and therefore did not receive proper assignment.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not

---

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

I.  *Res Judicata*

As an initial matter, Plaintiff cannot file an action in federal court to relitigate matters that were already decided in state court proceedings. Federal Courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Educ.* 465 U.S. 75, 81 (1984).

The Cuyahoga County Court of Common Pleas granted judgment in favor of Everhome in the foreclosure action in 2006. The Cleveland Heights Municipal Court granted judgment in favor of Everhome on October 23, 2008. Plaintiff filed a civil action against Everhome in the Cuyahoga County Court of Common Pleas on August 26, 2011. *See Robinson v. Everhome Mortgage*, No. CV-11-762886 (Cuyahoga Cty Ct. Comm. Pl. filed Aug. 26, 2011). The Court of Common Pleas granted Everhome's Motion to Dismiss for failure to state a claim under Ohio Civil Procedure Rule 12(b)(6)

on January 6, 2012. This Court must look to Ohio's law of preclusion to determine if these judgments bar Plaintiff from proceeding with this action.

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392 (2008). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id.*

Here, both the doctrine of claim preclusion and issue preclusion bar relitigation of the claims Plaintiff asserts in this Complaint. The parties in this action are the same as the parties in the foreclosure action and in the civil action filed in the Cuyahoga County Court of Common Pleas. This Complaint concerns the mortgage assignment and the foreclosure proceedings, which arise out of the transaction that was the subject matter of both state court actions. Plaintiff's claims therefore could have been litigated in that action. Moreover, the state courts already decided that the foreclosure was proper, and judgment should issue in favor of Everhome. This Court must give full faith and credit to those judgments. Plaintiff is barred from relitigating those matters in this Court.

## II. Deceptive Sales Practices and Transfer of Mortgage

Even if this action were not barred by *res judicata*, Plaintiff's claims are wholly without

merit. She claims in her first cause of action that Everhome committed deceptive sales practices in violation of Ohio Revised Code §1345.02(F), which concerns failure to disclose material information in a consumer transactions in connection with a residential mortgage. She claims in the fourth cause of action that the mortgage her husband obtained on the property in question was not transferred to Everhome in accordance with Florida law.

Plaintiff lacks standing to assert both of these claims. She did not enter into the mortgage agreement. Her husband, Samuel Robinson, was the sole mortgagor on the loan which was transferred to Everhome. A party must assert her own legal rights and interests, and cannot rest her claim to relief on the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985). Because she was not a party to the mortgage, she cannot claim material information was withheld from her husband when he entered into the mortgage agreement, nor can she challenge its transfer to Everhome. The fact that Plaintiff may be collaterally affected by the adjudication of her husband's rights does not necessarily extend the Court's Article III powers to her. *Allstate Insurance Co.*, 760 F.2d at 692.

While Plaintiff states she is the Executrix of Samuel Robinson's estate, she cannot proceed *pro se* on behalf of the estate if the estate has other beneficiaries or creditors. *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003). Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," that statute does not permit a Plaintiff to appear *pro se* where interests other than her own are at stake. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) ("[B]ecause *pro se* means to appear for

one's self, a person may not appear on another person's behalf in the other's cause."). Plaintiff has not alleged she is the only beneficiary and creditor of her husband's estate. She therefore cannot appear *pro se* to assert claims on behalf of the estate.

### III. Landlord Tenant Claims

Plaintiff's claims in her second and third causes of action for violation of Ohio's landlord tenant laws are also plainly meritless. She claims Everhome violated Ohio Revised Code § 5321.07 by failing to maintain the property she refuses to vacate. This statute provides that if a landlord fails to maintain a rental property in compliance with building, housing, health, or safety codes, the tenant after giving written notice to the landlord may deposit rent with the Clerk of Court, ask to the Court to order the landlord to make repairs, or terminate the rental agreement. She also contends Everhome violated Ohio Revised Code §5321.15 which prohibits a landlord from locking a tenant out of a rental unit and confiscating personal belongings.

Plaintiff is not a "tenant" as defined by the statute. A "tenant" is defined as "a person entitled under a rental agreement to the use and occupancy of residential premises to the exclusion of others." OHIO REV. CODE §5321.01(A). Plaintiff does not allege she has a rental agreement with Everhome nor is there any indication she has been paying rent to Everhome to occupy the premises. To the contrary, Everhome has been attempting to remove her from the premises after the sale of the property in the foreclosure action. Plaintiff cannot claim the benefit of landlord tenant law. *See Amick v. Sickles*, 177 Ohio App.3d 337, 342 (Ohio App. 4 Dist. 2008)("An individual who lives in a residence with another without a rental agreement and without the payment of rent is not a tenant and cannot maintain an action for wrongful eviction."); *O'Neil v. Walburg*, 70 Ohio App.2d 30, 32

-11-

(Ohio App.10th Dist.1980)("Since plaintiff was never a tenant of defendant, R.C. 5321.15 has no application.").

### IV. Vexatious Litigation

The Court is very tolerant of legal filings from *pro se* litigants. It, however, will not permit any litigant to use the Court's resources to address filings which are clearly designed to abuse the judicial process. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id.* To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)). Plaintiff's Complaint does not seek actual relief from this Court and appears to be filed for the sole purpose of obstructing the Defendant's repeated attempts to execute the judgment it obtained against Samuel Robinson and Plaintiff. Plaintiff is cautioned that continued efforts to file patently frivolous actions may result in an Order enjoining her from filing future actions without leave of court.

### IV. Conclusion

Accordingly, Plaintiff's Motion to Proceed Application to Proceed *In Forma Pauperis* is

granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: April 9, 2012

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.